Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania



Division

**3:CV-24-1521**

Case No. _____
*(to be filled in by the Clerk's Office)*

KEVIN COMBS
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-
FOURTEEN PAGE
COMPLAINT WITH
EXHIBITS (A - I)
INCLUDED

SEE ATTACHED:
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

FILED
SCRANTON

SEP 0 9 2024

Per _____
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | KEVIN COMBS |
| All other names by which you have been known: | |
| ID Number | QD-5840 |
| Current Institution | S.C.I. ROCKVIEW - BOX -A |
| Address | 1 ROCKVIEW PLACE |
| | BELLEFONTE        PA        16823 - 0820 |
| | _City_        _State_        _Zip Code_ |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JAMES PETRUCCI |
| Job or Title *(if known)* | SCRANTON POLICE OFFICER |
| Shield Number | 737 |
| Employer | SCRANTON POLICE DEPARTMENT / CITY OF SCRANTON |
| Address | 100 SOUTH WASHINGTON AVENUE |
| | SCRANTON        PA        18503 |
| | _City_        _State_        _Zip Code_ |

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | JASON HYLER |
| Job or Title *(if known)* | SCRANTON POLICE OFFICER |
| Shield Number | 698 |
| Employer | SCRANTON POLICE DEPARTMENT / CITY OF SCRANTON |
| Address | 100 SOUTH WASHINGTON AVENUE |
| | SCRANTON        PA        18503 |
| | _City_        _State_        _Zip Code_ |

[✓] Individual capacity   [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name       JOHN DOE / SCRANTON POLICE CHIEF

Job or Title *(if known)*    SCRANTON POLICE CHIEF

Shield Number     UNKNOWN

Employer       SCRANTON POLICE DEPARTMENT / CITY OF SCRANTON

Address        100 SOUTH WASHINGTON AVENUE

                 SCRANTON      PA      18503

                     *City*         *State*      *Zip Code*

[☑] Individual capacity    [☑] Official capacity

Defendant No. 4

Name       JOHN DOE / SCRANTON INTERNAL AFFAIRS OFFICER

Job or Title *(if known)*    ~~UNKNOWN~~ INTERNAL AFFAIRS OFFICER

Shield Number     UNKNOWN

Employer       SCRANTON POLICE DEPARTMENT / CITY OF SCRANTON

Address        100 SOUTH WASHINGTON AVENUE

                 SCRANTON      PA      18503

                     *City*         *State*      *Zip Code*

[☑] Individual capacity    [☑] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[☑] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION. (SEE: FOURTEEN PAGE COMPLAINT WITH EXHIBITS (A-I) ATTACHED.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

N/A

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(SEE ATTACHED FOURTEEN PAGE COMPLAINT WITH EXHIBITS (A - I) ATTACHED)

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

THE EVENT AROSE IN SCRANTON, PA ON SEPTEMBER 8TH, 2024, DURING TRAFFIC STOP BY SCRANTON POLICE OFFICERS (SEE ATTACHED FOURTEEN PAGE COMPLAINT WITH EXHIBITS (A - I) ATTACHED

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

C.    What date and approximate time did the events giving rise to your claim(s) occur?

SEPTEMBER 8, 2022 AT APPROXIMATELY 10:51

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(SEE ATTACHED FOURTEEN PAGE COMPLAINT WITH WITH EXHIBITS (A-I) ATTACHED.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

NO PHYSICAL INJURIES

SEE COMPLAINT ATTACHED

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

DECLARATORY RELIEF
COMPENSATORY DAMAGES IN THE AMOUNT OF $250,000.00 US
PUNITIVE DAMAGES IN THE AMOUNT OF $150,000.00

SEE ATTACHED COMPLAINT

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

N/A

2.    What did you claim in your grievance?

N/A

3.    What was the result, if any?

N/A

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

N/A

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

PA MIDDLE DISTRICT (TIME DO NOT REMEMBER)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)          N/A
     Defendant(s)

2.   Court *(if federal court, name the district; if state court, name the county and State)*
                           N/A

3.   Docket or index number          N/A

4.   Name of Judge assigned to your case          N/A

5.   Approximate date of filing lawsuit          N/A

6.   Is the case still pending?

     ☐ Yes

     ☑ No

     If no, give the approximate date of disposition.

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

                           N/A

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
      Plaintiff(s)    KEVIN COMBS
      Defendant(s)    WELLERS

2.    Court *(if federal court, name the district; if state court, name the county and State)*

      PA   MIDDLE DISTRICT

3.    Docket or index number

      UNKNOWN

4.    Name of Judge assigned to your case

      UNKNOWN

5.    Approximate date of filing lawsuit

      DON'T REMEMBER

6.    Is the case still pending?

      ☐ Yes
      ☑ No

      If no, give the approximate date of disposition    UNKNOWN

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      DISMISSED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    08/29/2024

Signature of Plaintiff

Printed Name of Plaintiff    KEVIN COMBS

Prison Identification #    QD-5840

Prison Address    1 ROCKVIEW PLACE

BELLEFONTE            PA        16823 - 0820
City                  State        Zip Code

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____
City            State        Zip Code

Telephone Number    _____

E-mail Address    _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN COMBS,** | : | |
| Plaintiff | : | **Civil Action No.** |
| | : | |
| **v.** | : | _____ |
| **LACKAWANNA COUNTY; CITY OF** | : | |
| **SCRANTON; JOHN DOE SCRANTON** | : | |
| **POLICE CHIEF; JOHN DOE** | : | **Jury Trial Demanded** |
| **SCRANTON INTERNAL AFFAIRS** | : | |
| **OFFICER; JAMES PETRUCCI** | : | |
| **SCRANTON POLICE OFFICER;** | : | |
| **JASON HYLER SCRANTON POLICE** | : | |
| **OFFICER,** | : | |
| Defendants | : | |

## COMPLAINT WITH JURY TRIAL DEMANDED

### I. Introductory Statement

**1.)** This is a civil rights action filed by Kevin Combs, for damages, declaratory, and injunctive relief under **42 U.S.C. § 1983** for injuries sustained by a citizen of the United States against police officers of the Scanton Police Department, who unlawfully detained, searched, arrested, imprisoned, harrassed, fabricated evidence, and prosecuted him, and against John Doe (Scranton Police Chief), and John Doe (Scranton Internal Affairs Officer), as the supervisory and investigative officers responsible for the conduct of the defendants and for the failure to take corrective action with respect to police personnel whose propensity to violate the rights of citizens were notorious, and to assure proper training, discipline, and supervision of personnel, or to implement meaningful procedures to discourage lawless offical conduct, and against the City of Scranton, Commissioners, and the County of Lackawanna as the employer of the police personnel, which is sued as a person under **42 U.S.C. § 1983**.

1

## II. Jurisdiction

**2.)** This action is brought pursuant to **42 U.S.C. §§ 1983, 1985,** and **1988** and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

**3.)** This court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under **42 U.S.C. §§ 1331 (1)** and **1343(3)** and **(4)**

**4.)** This court has supplemental jurisdiction over the Plaintiff's state law tort claims under **28 U.S.C. § 1367**.

## III. Parties

**5.)** The Plaintiff Kevin Combs, is currently incarcerated in the Pennsylvania Department of Correction, at the State Correctional Institution at Rockview, located at 1 Rockview Place, Bellefonte, PA 16823-0820.

**6.)** At all time relevant to the allegations contained in this complaint the Plaintiff was a resident of Scranton Pennsylvania, Lackawanna County and a citizen of the United States.

**7.)** At all times relevant hereto, defendant James Petrucci was a police officer employed by the Lackwanna County, Scranton Police Department to perform duties in the City of Scranton, and was assigned to the Streets Crime Unit. At all time relevant, he was acting in such capacity as the agent, servant, and employee of Defendant Lackawanna County/City of Scranton. He is sued individually and in his official capacity.

**8.)** At all time relevant hereto, the Defendant Jason Hyler was a police officer employed by the Lackawanna County Scranton Police Department to peform duties in the City of Scranton, and was assigned to the Street Crimes Unit. At all relevant times, he was acting in such capacity as the agent, servant, and employee of Defendant Lackawanna County/City of Scranton. He is sued in his individual and official capacity.

**9.)** At all times relevant hereto, Defendant John Doe was an Internal Affairs Officer employed by the Lackawanna County Scranton Police Department assigned to perform duties in the City of Scranton, at all relevant times, he was acting in such capacity as the agent, servant,

and employee of Defendant Lackawanna County/City of Scranton. He is sued in his individual and official capacity.

**10.)** At all times relevant hereto, Defendant John Doe was the duly appointed Chief of the Lackwanna County Scranton Police Department. As such he was the commanding officer of Defendants James Petrucci, Jason Hyler, and John Doe Internal Affairs Officer and was responsible for their training, supervision, discipline, and conduct. He was also responsible by law for enforcing the regulation of the Lackawanna County Scranton Police Department and for ensuring that the Lackawanna County Scranton Police personnel obey the law of the Commonwealth of Pennsylvania and of the United States. At all times relevant, he was acting in such capacity as the agent of Lackawanna/City of Scranton. He is sued individually and in his official capacity.

**11.)** The Defendant County of Lackawanna/City of Scranton, (hereinafter "county" and/or "the city") is a municipal corporation within the Commonwealth of Pennsylvania and, at all times relevant, it employed Defendant's James Petrucci, Jason Hyler, John Doe (Internal Affairs Officers), and John Doe (Scranton Police Chief).

**12.)** At all times relevant hereto and in all their action described herein Defendants James Petrucci, Jason Hyler, John Doe (Scranton Internal Affairs Officer), and John Doe (Scranton Police Chief), were acting under color of law pursuant to their authority as Scranton Police Personnel.

### IV. <u>Factual Allegations</u>

**13.)** On September 8, 2022 Plaintiff was operating a silver Mercedes Benz SUV bearing Pennsylvania registration No. LYM5817 while traveling in or near the 700 Block of Providence Road in Scranton, PA The vehicle was stopped by James Petrucci and Jason Hyler, officers of the Scranton Police Department Pursuant to a traffic violation for tinted windows and an alleged malfunctioning brake light.

**14.)** Two officers approached the vehicle with Officer Jason Hyler nat the drivers side window and Officer James Petrucci at the passenger side window. (<u>Hereinafter referred to as</u>

3

Defendant Hyler and Petrucci.)

**15.)** Upon contact, Defendant Petrucci requested proof of license, insurance, and registration which the Plaintiff provided, and while stating his reasons for the traffic stop, Defendant Petrucci gave Plaintiff a warning stating: *"Dude, don't give us a problem, if you do man we're not gonna give you a break, last time we gave you a break, you're on state parole, dude."* Defendant Petrucci then instructed Plaintiff to step out of the vehicle so that he may issue a warning for the traffic violation.

**16.)** Upon existing the vehicle Plaintiff was immediately confronted by Defendant Hyler who requested permission to search the Plaintiff's pockets. The Plaintiff then asked *"why are we going through this again?"*, as this was the second time the Plaintiff encountered these two defendants for an alleged traffic violation. Defendant Hyler responded, *"Because I think you have something illegal on you."* The Plaintiff informed Defendant Hyler that he did not have anything illegal on him.

**17.)** After getting frustrated with going back and forth with Defendant Hyler as to whether or not Plaintiff had something illegal on him, the Plaintiff gave permission to the search of his pockets. Defendant Hyler then ask Plaintiff. *"What's that on your shirt?"* As there was small particles on Plaintiff's shirt which Plaintiff believes was nothing more than tobacco shake from an unlit cigarette which he was holding before and during the police encounter.

**18.)** Without performing a field test, both Defendants Hyler and Petrucci assumed and concluded that the particles on Plaintiff's shirt was "spice and/or synthetic marijuana", a controlled substance. Defendant Petrucci then threatened to arrest Plaintiff with a parole violation if Plaintiff required the particles from his shirt to be field tested, stating; *"Do you want us to field test it? We will and then we'll arrest you with a parole violation."*

**19.)** It is noteworthy to point out that Defendant Petrucci was not Plaintiff's parole agent nor was Defendant Petrucci employed as a Pennsylvania State Parole Agent. Therefore, Defendant Petrucci did not have lawful authority to violate the Plaintiff's parole or arrest the Plaintiff for a parole violation.

**20.)** After conducting a search of Plaintiff's pockets, which turned up nothing illegal, Defendant Hyler escorted Plaintiff to the sidewalk away from the vehicle for questioning unrelated to the traffic stop. After a number of questions, the Plaintiff asked Defendant Hyler may he please get his ticket and go. In response, Defendant Hyler stated, *"No, because now it's a drug investigation, because you have 'Spice' on your shirt."*

**21.)** Defendant Hyler then requested permission to search the vehicle and stated that if Plaintiff refused he would call a K-9 Unit. Noticing Plaintiff's reluctance to permit a search of the vehicle, Defendant Petrucci began to pick the particles from Plaintiff's shirt and bagged it as evidence, and in doing so Defendant Petrucci drove home to Plaintiff his earlier threat to arrest Plaintiff with a parole violation if he made the Defendant's field test the particles from the Plaintiff's shirt.

**22.)** Taking serious Defendant Petrucci's earlier illegitimate threat to arrest Plaintiff with a parole violation, Plaintiff gave permission to the search of the vehicle, despite not wanting to give permission. Had it not been for Defendant Petrucci's illegitimate threat, the Plaintiff would not have allowed the vehicle to be searched.

**23.)** Defendant Petrucci began conducting a search of the vehicle. The Plaintiff was unable to fully observe the search due to being illegally detained on the sidewalk out of view of the search by Defendant Hyler, who refused to allow Plaintiff to get his traffic ticket and leave as requested.

**24.)** After completing the search of the vehicle, Defendant Petrucci confronted Plaintiff on the sidewalk with a clear plastic bag stating, *"There is 'Spice' on this bag, just so you know, passenger side floor."* Defendant Petrucci communicated to Plaintiff that he found the clear plastic bag on the passenger side floor, which was a known false statement and lie made by Defendant Petrucci.

**25.)** After the encounter with the Defendants ended, the Plaintiff was released from the scene and later charged criminally by the Defendant's with possession of a controlled substance under the ***Controlled Substance, Drug, Device, and Cosmetic Act* 35 P.S. 780-113(a)(16)**; and drug paraphernalia under **35 P.S. 780-113(a)(32)**, pursuant to a ***Criminal Complaint*** and

5

*Affidavit of Probable Cause*, which was filed with the Lackawanna County Magistrate Terrence Gallagher, 1600 Farr Street, Scranton, PA 18504, Magisterial District Number: 45-1-05. (A copy of the *Criminal Complaint* & *Affidavit of Probable Cause* is attached hereto as **Exhibit-A**)

26.) In the *Affidavit of Probable Cause,* Defendants Petrucci/Hyler States: *"Mr. Combs consented to a search of the vehicle and officer Petrucci recovered a clear plastic bag containing synthetic marijuana on the front passenger side floor."* (see; *Affidavit of Probable Cause-* **Exhibit-A**)

27.) Defendants Petrucci/Hyler fabricates and falsely swears that Defendant Petrucci found and recovered the clear plastic bag containing drugs from the front passenger side floor of the vehicle, only this time the false fabricated evidence is included in a sworn *Affidavit of Probable Cause*. (**Exhibit-A**)

28.) Plaintiff was to appear in Central Court on November 18, 2022 for a Preliminary Hearing on these fraudulent fabricated charges.

29.) On November 18, 2022 , the Plaintiff failed to appear in Central Court on the fraudulent fabricated charges filed by Defendant Petrucci/ Hyler, and as a result, a bench warrant was issued for the Plaintiff's arrest.

30.) On or about November 21, 2022 , the Plaintiff was arrested on the bench warrant by a Pennsylvania State Trooper in front of Plaintiff's hotel room at the EconoLodge in Taylor Twp. The Plaintiff was handcuffed, detained and transported to the Lackawanna County Central Court Magistrate Paul Keeler, who Arraigned and released Plaintiff on $1,000 unsecured bail with condition of no drug or alcohol and instructions to appear for the next court action on Dedcember 5, 2022 at 9:30 am in Central Court. (A copy of the *Certification of Bail and Discharge* is attached hereto to **Exhibit-B**)

31.) On December 5, 2022, the Plaintiff again failed to appear in Central Court on the fraudulent fabricated charges filed by Defendant Petrucci/Hyler, and as a result, a bench warrant was issued for the Plaintiff's arrest by Magistrate John P. Pesota. (A copy, or *Bench Warrant Control No. 45105-BW-0001031-2022* is attached hereto as **Exhibit-C**)

6

**32.)** On or about December 30, 2022, the Plaintiff was arrested by Pennsylvania State Troopers on ***Bench Warrant Control No: 45105-BW-0001031-2022*** and taken before a Lackawanna County Magistrate who set $500.00 unsecured bail conditions with instructions, "Not to be released until he is processed." (A copy of the bail conditions is attached hereto as **Exhibit-D**)

**33.)** On February 7, 2023, Plaintiffs Preliminary Hearing was held before the Honorable Magistrate Judge Alyce Hailstone Farrell, on the above mentioned fabricated and false charges filed by Defendants Petrucci/Hyler.

**34.)** At said Preliminary Hearing, Defendant Petrucci was called as a witness against Plaintiff, and his testimony mirrored the allegations, which were set forth in Defendant Petrucci's sworn Affidavit of Probable Cause.

**35.)** More specifically, Defendant Petrucci testified that; *"Yes, so we had recovered the synthetic marijuana from his shirt, asked him for consent to search the vehicle and he agreed we conducted a search of the vehicle, and on the front passenger side floor we recovered a clear plastic baggy containing synthetic marijuana."* (See **Preliminary Hearing Transcripts/Notes of Testimony Page 9, Lines 4 through 10**, attached hereto as **Exhibit-E**)

**36.)** Again, Defendant Petrucci continues to fabricate and falsely swear that he found and recovered the clear plastic bag containing synthetic marijuana from the front passenger side floor of the vehicle, however, this time the false and fabricated evidence is testified to under oath by Defendant Petrucci at the February 7, 2023 Preliminary Hearing. And as a result of Defendant's fabrication, Plaintiff's false charges were bound over to the Lackawanna County Court of Common Pleas.

**37.)** On March 23, 2023, an ***Information*** was filed against Plaintiff in the Court of Common Pleas of Lackawanna County under Criminal Action/Docket No: **CP-35-CR-0000304-2023** charging Plaintiff with:

> **Count 1:** Possession of a Controlled Substance under **35 P.S. 780-113(a)(16)**: Grade Misdemeanor; $5,000; 1 Year. (A copy of the ***Information*** is attached

7

hereto as **Exhibit-F**)

**Count 2:** Drug Paraphernalia under **35 P.S. 780-113(a)(32):** Grade Misdemeanor; $2500; 1 Year. (A copy of the ***Information*** is attached hereto as **Exhibit-F**)

**38.)** On or about the 10th day of May 2023 Plaintiff was provided Discovery in Criminal Action No: **CP-35-CR-0000304-2023**, that included a USB flash drive which contained body camera footage of both Defendant's Petrucci and Hyler from the search of Plaintiff's vehicle. (See copy of letter/receipt of USB flash drive from DA's office attached hereto as **Exhibit-G**)

**39.)** Upon review of Defendant Petrucci's body worn camera footage, the Plaintiff discovered that Defendant Petrucci gave false statements at the scene of the incident, false sworn statements in his Affidavit of Probable Cause, and false sworn testimony at Plaintiff's February 7, 2023 Preliminary Hearing stating that *"on the front passenger side floor we recovered a clear plastic baggy containing synthetic marijuana."*

**40.)** It is noteworthy to point out that Defendant Petrucci's body camera footage clearly depicts that Defendant Petrucci discovered and recovered the clear plastic bag containing snythetic marijuana inside an unknown female's pocketbook which was in the vehicle Plaintiff was operating.

**41.)** The failure of Defendants Petrucci and Hyler to attest accurately and honestly in the Affidavit of Probable Cause (**Exhibit-A**) and at the Preliminary Hearing (**Exhibit-E**), as to the exact true location the controlled substance and drug paraphernalia was discovered (meaning the female pocketbook) renders the affidavit of probable cause, and any and all proceedings which follow to be "null and void," as fabricated, and also renders Defendant Petrucci's testimony at the said Preliminary Hearing to be perjured as it relates to material facts and material elements of the said offenses charged and as to how the criminal proceedings were instituted.

**42.)** Further review of Defendant Petrucci's body camera video by Plaintiff shows that Defendant Petrucci did not secure the pocketbook as evidence considering the fact that the contraband was found in said female pocketbook.

**43.)** The Plaintiff believes and therefore maintains that Defendant Petrucci's discovery of

the drugs and drug paraphernalia in the female pocketbook was materially exculpatory and constituted "Brady Material," in that the pocketbook contained documents and identification of the owner, as well as prescription medication. As the pocketbook and it's contents were relevant to a determination as to who the drugs and drug paraphernalia belonged to, as well as who they were possessed by.

44.) The Plaintiff hereby maintains that the suppression and/or attempt to destroy the existence of the pocketbook was done in bad faith, so that the Defendants could gain a tactical advantage in the criminal process, by destroying Plaintiff's chance of learning the truth and preparing a defense. In other words to successfully conceal the fact that Defendant Petrucci framed Plaintiff with said criminal charges by taking the drugs out of the pocketbook and planting them in the vehicle in order to make it appear that the drug and drug paraphernalia were constructively possessed by Plaintiff, when in fact they were not. They were actually possessed by the owner of the pocketbook, who, which is unknown to Plaintiff due to the Defendant's suppression of that materially exculpatory evidence.

45.) Defendant Petrucci, by his deliberate suppression and/or destruction of the identity of the owner of the pocketbook, has also deliberately suppressed and destroyed the truth as to Plaintiff's innocence.

46.) Defendants Petrucci and Hyler literally stopped Plaintiff in the vehicle for a traffic violation, then pressured and intimidated Plaintiff into consent to search the vehicle by way of illegitimate threats to arrest Plaintiff with a parole violation. Defendant Petrucci then searches the vehicle, locates a female pocketbook, searches that pocketbook on the vehicle drivers seat, finds and locates a clear plastic bag containing synthetic marijuana inside the pocketbook, tosses that clear plastic bag on the passenger side front seat, completes the search of the vehicle, and the plants the illegal items from the pocketbook on Plaintiff by suppressing the existence of the pocketbook. Defendant Petrucci and Hyler then fabricates in criminal court documents and proceedings that Defendant Petrucci found and recovered the clear plastic bag from the front passenger side floor.

47.) The conduct described above constitutes outrageous police misconduct and

9

corruption on the part of Defendants James Petrucci and Jason Hyler.

**48.)** Defendants James Petrucci and Jason Hyler have shown a blatant disregard for the truth and any respectable sense of justice. They have engaged in behavior which shocks the human conscious, and offends the criminal and civil laws of the governments of the United States and the Commonwealth of Pennsylvania.

**49.)** The Plaintiff hereby maintains that the entire interaction between him and the Defendants (meaning the subsequent drug investigation encounter, detention, consent to search, the actual search and seizure, Criminal Complaint, Affidavit of Probable Cause, arrest, imprisonment, prima facie findings to stand accused for trial, and Information filed in the Lackawanna County Court of Common Pleas, under criminal case No: **CP-35-CR-0000304-2023** is the result of a deprivation of rights guaranteed to petitioner by the constitution of the United States as well as the constitution of the Commonwealth of Pennsylvania in that A.D.A Andrew Krowiak, an agent of the prosecutor's office, who signed an approved the Criminal Complaint initiated the criminal process by the presentation of fabricated evidence and false testimony of Defendants James Petrucci and Jason Hyler, which was known to be false from the very beginning.

**50.)** That on March 12, 2024 the Plaintiff filed a formal Complaint against Defendants James Petrucci and Jason Hyler with the Internal Affairs Officer for the Scranton Police Department. (A copy of the ***Complaint*** is attached as **Exhibit-H**)

**51.)** That as of this writing, the Plaintiff has yet to receive a response or acknowledgement of said Complaint by the Internal Affairs Officer or the Scranton Police Department.

**52.)** That on May 8, 2024 the fabricated case filed by Defendants James Petrucci and Jason Hyler under criminal action No: **CP-35-CR-0000304-2023** filed in the Lackawanna County Court of Common Pleas, was nolle prossed by the Honorable Judge Moyle. (A copy of the nolle prossed order is attached as **Exhibit-I**)

**53.)** As a result of the misconduct herein before described, the Plaintiff Kevin Combs,

10

experienced humiliation, emotional distress, incurred expenses in connection with his incarceration and with his defense on the false fabricated charges which were lodge against him, and was otherwise damaged.

54.) Upon information and belief, the above mentioned conduct of Defendants Petrucci and Hyler, to which Plaintiff was subjected to was consistent with an institutionalized practice and/or unwritten policy of Lackawanna County, the City of Scranton, and the Scranton Police Department, which was known to and ratified by Defendants James Petrucci, Jason Hyler, John Doe Scranton Police Chief, Scranton Police Department, the City of Scranton, and Lackawanna County. The Defendants, having at no time taken any effective action to prevent Scranton Police Department personnel from continuing to engage in such misconduct.

55.) Upon information and belief, Defendants John Doe Scranton Police Chief, John Doe Scranton Internal Affairs Officer, Scranton Police Department, the City of Scranton, and Lackawanna County had prior notice of the propensitites of Defendants Petrucci and Hyler to violate the rights of citizens, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority. The failure to properly train Defendants Petrucci and Hyler included the failure to instruct them in applicable provisions or the Fourth and Fourteenth Amendment to the United States Constitution, and Pennsylvania State law regarding reasonable suspicion, probable cause, consent to search, illegal detention, search and seizure, false arrest, false imprisonment, fabrication of evidence, deliberate deception, and abuse of process.

56.) Upon information and belief, Defendants Lackawanna County, the City of Scranton, Scranton Police Department, and John Doe Scranton Police Chief, authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detained by:

(a) Failing to properly discipline, restrict, and control employees, including Defendants James Petrucci and Jason Hyler, known to be irresponsible in their dealings with citizens of the community;

(b) Failing to take adequate precautions in the hiring, promotion, and retention of police personnel. Including specifically Defendants James Petrucci and Jason Hyler;

11

(c) Failing to forward to the Office of the District Attorney of Lackawanna County or the Office of the Pennsylvania Attorney General evidence of criminal acts committed by Scranton Police Department personnel.

(d) Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power, official denials, and/or ignoring such complaints for purposed or plausible deniability calculated to mislead the public. This conduct also constitutes deliberate indifference and gross negligence under state law.

57.) As a consequence of the abuse of authority detailed above, Plaintiff sustained damages.

## V. Federal Causes of Action
## Claims for Relief

58.) The allegations set forth in paragraphs 1 through 57 are incorporated herein by reference.

59.) The herein above described actions and omissions, engaged in under color of state law and authority by Defendants James Petrucci, Jason Hyler, John Doe Scranton Police Internal Affairs Officer, John Doe Scranton Police Chief, and including Defendants Lackawanna County, the city of Scranton, and Scranton Police Department, all sued as a person, responsible because of its authorization, condonation, and ratification thereof for acts of its agents, deprived the Plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his First Amendment right to freedom of expression, his Fourth Amendment right to be free from unlawful, illegal detentions, searches and seizure of his person, false arrest and false imprisonment, his Fifth and Fourteenth Amendment rights to due process of law regarding the destruction/suppression of evidence and/or *Brady* violations, fabrication of evidence, and deliberate deception.

60.) That the actions and conduct herein before alleged of Defendants Petrucci and Hyler

12

in subjecting the Plaintiff Kevin Combs to those acts constitutes unlawful detention, search and seizure, false arrest, and false imprisonment, without reasonable suspicion or probable cause, abuse of process as the defendants intended to adversely affect Plaintiff's state parole, prima facie tort and conspiracy, under the laws of the Commonwealth of Pennsylvania. This Court has pendent jurisdiction to hear and adjudicate the claims.

## VI. **Relief Requested**

**61.)** WHEREFORE, the Plaintiff requests that the Court grant the following relief jointly and severally, against the Defendants:

**(A)** Issue a Declaratory Judgment stating that:

**i.)** The Defendants unlawful detention, search and seizure, false arrest, false imprisonment, fabrication of evidence, deliberate deception, suppression of exculpatory evidence/***Brady*** evidence, abuse of process, conspiracy, failure to properly train, and/or discipline by Defendants James Petricci, jason Hyler, John Doe Scranton Police Department Internal affairs Officer, John Doe Scranton Police Chief, Lackawanna county, City of Scranton, and Scranton Police Department violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States constitution.

**(B)** Compensatory damages in the amount of $250, 000.00 U.S.

**(C)** Punitive damages in the amount of $150, 000.00 U.S.

**(D)** Such other and further relief as this Court may deem appropriate under the circumstances.

## VII. **Verification**

**62.)** Pursuant to **28 U.S.C. §1746**, I Kevin Combs do hereby certify under penalty of perjury that above statements are true and correct.

Respectfully Submitted,

DATED: 08/29/2024

KEVIN COMBS # QD-5840
S.C.I. ROCKVIEW, BOX-A
1 ROCKVIEW PLACE
BELLEFONTE, PA 16823-08202

13

Kevin Combs #QD5840
SCI-Rockview
Box A; 1 Rockview Pl.
Bellefonte, PA 16823-0820



Kevin Combs #QD5840
SCI-Rockview
Box A; 1 Rockview Place
Bellefonte, PA 16823

INMATE MAIL
PA DPT OF
CORRECTIONS

US POSTAGE >> PITNEY BOWES

ZIP 16823   $ 004.61⁰
02 4W
0000376203 AUG 30  2024

United States District Court
Middle District of Pennsylvania
William J. Nealon Fed. Bldg. & U.S. Courthouse
Clek of Courts - Civil Division
P.O. Box 1148
235 N. Washington Ave.
Scranton, PA 18501-1148

RECEIVED
SCRANTON

SEP 09 2024

PER _____ DEPUTY CLERK