IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN COMBS,
        Plaintiff

v.

JAMES PETRUCCI, et al.,
        Defendants

No. 3:24cv1521

(Judge Munley)

(Magistrate Judge Schwab)

## ORDER

Before the court for disposition is a report and recommendation ("R&R") from Magistrate Judge Susan E. Schwab. (Doc. 31). The R&R recommends granting Defendant Lackawanna County's motion to dismiss, (Doc. 12), and granting in part and denying in part the motion to dismiss, (Doc. 18), filed by Defendants City of Scranton, James Petrucci, and Jason Hyler ("City Defendants"). (Id. at 1; 41-43).

Specifically, the R&R concludes that *pro se* Plaintiff Kevin Combs named Defendant Lackawanna County as a defendant by mistake and recommends its dismissal from this action without prejudice. (Id. at 15-16). The R&R also recommends granting City Defendants' motion to dismiss with regard to Combs's claims against the City of Scranton due to the lack of sufficiently pleaded facts to support municipal liability under 42 U.S.C. § 1983. (Id. at 16-20). Additionally, the R&R recommends granting the City Defendants' motion to dismiss as to

Combs's false arrest, malicious prosecution, *Brady* violations, First Amendment, and Fifth Amendment claims against Defendants James Petrucci and Jason Hyler. (Id. at 42). On the other hand, the R&R recommends denying the City Defendants' motion to dismiss as to Combs's illegal search, false imprisonment, fabrication of evidence, and various state law claims against Defendants James Petrucci and Jason Hyler. (Id. at 41-42). Lastly, the R&R concludes that Combs's claims against the two John Doe defendants he identified as Scranton Internal Affairs Officer and Scranton Police Chief should remain. (Id. at 42).

The R&R further recommends providing Combs with leave to file an amended complaint. (Id.) No objections to the R&R have been filed and the time provided for objections in the Local Rules has passed.

In deciding whether to adopt the R&R where no objections have been filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). After review, the court finds neither a clear error on the face of the record nor a manifest injustice. Therefore, the R&R will be adopted.

Accordingly, it is hereby **ORDERED** that:

2

1) The R&R, (Doc. 31), is **ADOPTED**;

2) Combs's complaint, (Doc. 1), is **DISMISSED** without prejudice to the plaintiff endeavoring to correct the defects identified in the R&R;

3) Combs shall file any amended complaint within twenty-one (21) days of the date of this order regarding the following claims: 1) Combs's claims against Defendant Lackawanna County; 2) Combs's claims against Defendant City of Scranton; 3) Combs's claims against Defendants James Petrucci and Jason Hyler for false arrest, malicious prosecution, and violations of *Brady* and his First and Fifth Amendment rights; and

4) If Combs fails to file an amended complaint within this timeframe, the court will dismiss the above claims with prejudice.

Date: 7/28/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court